J-S75006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.S., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1579 EDA 2017 |

Appeal from the Order Entered April 20, 2017
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-1000171-2014

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

CONCURRING STATEMENT BY NICHOLS, J.:　　　　　　**FILED JULY 18, 2019**

I agree with the majority that there was sufficient evidence to adjudicate J.S. delinquent.  I also acknowledge that J.S. told the juvenile court that he "was doing good" when he was on his medications, but stopped taking his medications when he thought he did not need them.  N.T., 3/27/17, at 4.  J.S. also told the court that it was right and that he needed medication.  *Id.* at 3.

At the same time, the juvenile court's insistence that J.S. be medicated is troubling.  *See id.* at 7.  According to the probation officer, a doctor at the juvenile center saw J.S. on the day of the March 27, 2017 hearing.  *Id.*  The doctor, referred to as "Dr. Floyd," indicated J.S. did not need the medications. *Id.* at 7-8; *see also* N.T., 4/6/17, at 2.  J.S. also asserted, without contradiction, that his medications gave him bad side effects, and the probation officer indicated that J.S.'s mother also believed that he was falling asleep in school after taking the medications.  *Id.* at 3.

Nevertheless, the trial court engaged J.S. in the following exchange:

[J.S.]: But the main thing is the medicine. The medicine, it puts me to sleep. It don't -- I can't be regular --

THE COURT: Okay. Well, when you don't take your medicine, do you get in trouble for the things that you do?

[J.S.]: Yes.

THE COURT: Okay. So then you have a choice, do you want to sleep or do you want to get in trouble?

\*　　\*　　\*

THE COURT: I've tried to help you six times, and you just don't want to listen. You think that you know better. I don't have to take these meds, you can't make me. I can make you.

[J.S]: I know you can make.

THE COURT: Good. Now you're going to learn how I can.

N.T., 4/6/17, at 4, 6.

In my view, a juvenile court should not so lightly dismiss a medical opinion that medication is not necessary. More troubling is the suggestion that medication be used simply to blunt a child's negative behaviors when there are indications that the medication is hampering the child's ability to perform in school. Such a suggestion cuts against the requirement of the Juvenile Act for a court to balance protecting the community with developing a child to be a responsible and productive member of society. *See* 42 Pa.C.S. § 6301(b)(2).[1]

---

[1] Section 6301(b)(2) establishes, among other goals, that the Juvenile Act be interpreted and construed to effectuate the purpose of "provid[ing] for

- 2 -

Therefore, I respectfully concur in the result.

_____

children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community."  42 Pa.C.S. § 6301(b)(2).